**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **ANTHONY MONEYHAM,** | : | **No.  3:15cv436** |
| **Plaintiff** | : | |
| | : | **(Judge Munley)** |
| **v.** | : | |
| | : | **(Magistrate Judge Saporito)** |
| **L. POTTER, EMT; M. BARTH, EMT;** | : | |
| **and OFFICER MESSENMAN** | : | |
| **Defendants** | : | |

::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::

**MEMORANDUM**

Plaintiff Anthony Moneyham ("plaintiff") is an inmate at the United States Penitentiary in Lewisburg, Pennsylvania ("USP-Lewisburg").  He filed the instant complaint  March 3, 2015, alleging two emergency medical technicians and a prison officer physically assaulted him in retaliation for a hunger strike. (Doc. 1).    The case was assigned to Magistrate Judge Saporito for pretrial management.  On March 11, 2015, plaintiff filed a letter that the court has construed as a motion for a temporary restraining order ("TRO").  (Doc. 7). Plaintiff requests that the court compel prison officials to 1) monitor his transportation at all times, presumably with video cameras; 2) provide medical treatment for plaintiff's injuries; and 3) reassign the defendants to an area other than the one where plaintiff resides.[1]  For the following reasons, plaintiff's motion will be denied.

---

[1]  The court notes that, even if we were to grant the instant motion, none of the named defendants appears to have the authority to comply with any of the plaintiff's requests.

**Jurisdiction**

Plaintiff asserts a claim for equitable relief under 28 U.S.C. § 1331, alleging that federal officers violated his constitutional rights.  See 5 U.S.C. § 702 (providing a federal cause of action against federal officers for other than money damages).

**Legal Standard**

The law provides that an injunction is an "extraordinary remedy" that is never awarded as of right.  Winter v. Natural Res. Def. Council, 555 U.S. 7 (2008).  The Third Circuit Court of Appeals has outlined four factors to consider in ruling on a motion for a preliminary injunction: (1) whether the movant has shown a reasonable probability of success on the merits; (2) whether the movant will be irreparably injured by denial of the relief; (3) whether granting preliminary relief will result in even greater harm to the nonmoving party; and (4) whether granting the preliminary relief will be in the public interest.  Crissman v. Dover Downs Entm't Inc., 239 F.3d 357, 364 (3d Cir. 2001).  These same factors are used to determine a motion for a TRO.  Bieros v. Nicola, 857 F. Supp. 445, 446 (E.D. Pa. 1994).

The above factors merely "structure the inquiry" and no one

2

element will necessarily determine the outcome.  The court must engage in a delicate balancing of all the elements, and attempt to minimize the probable harm to legally protected interests between the time of the preliminary injunction to the final hearing on the merits. Constructors Ass'n of W. Pa. v. Kreps, 573 F.2d 811, 815 (3d Cir. 1978).  The movant, here the plaintiff, bears the burden of establishing these elements.   Adams v. Freedom Forge Corp., 204 F.3d 475, 486 (3d Cir. 2000).  We will discuss these factors in turn.

**I. Probability of Success on the Merits**

Plaintiff has not met his burden with respect to the first prong of the analysis, and thus has failed to establish a reasonable possibility of success on the merits.  Plaintiff has cited no evidence to support his claims, and we have nothing but his bare, conclusory allegations upon which to base our judgment.  Plaintiff claims that defendants have twice assaulted him in retaliation for a hunger strike, refused to treat him for the injuries they inflicted, and threatened they could assault him again. It may be that after discovery plaintiff will have some evidence of his claims, but at present, we have nothing but plaintiff's bare allegations upon which to base our judgment.  That is not enough to merit a TRO.

3

See, e.g., Young v. Medden, 241 F. App'x. 45, 47 (3d Cir. 2007) (upholding denial of TRO where prisoner provided no evidence, outside of his allegations, to support his claim of wrongdoing).

## II. Movant's Irreparable Injury

The plaintiff likewise failed to satisfy the second requirement, a showing of irreparable injury if the TRO is not granted.  If plaintiff's claims are true, then he certainly risks irreparable injury in the form of grave bodily harm.  Plaintiff's conclusory allegations are speculative and fail to establish that such harm is actually likely to occur in the imminent future.  "The irreparable harm alleged must be actual and imminent, not merely speculative.  '[A] showing of irreparable harm is insufficient if the harm will occur only in the indefinite future.  Rather, the moving party must make a clear showing of immediate irreparable harm.'" Macchione v. Coordinator Adm'r in Wash., D.C., F. App'x 48, 49-50 (3d Cir. 2014) (quoting Campbell Soup Co. v. ConAgra, Inc., 977 F.2d 86, 91 (3d Cir. 1992).  Because plaintiff has made no such showing here, the second prong is not satisfied.

## III. Harm to Nonmoving Party

The third factor is whether granting a TRO will cause more harm

4

to the nonmoving party.  This factor is neutral in our analysis. It is not clear, with the bare record before the court, what harm, if any, would befall the defendants if they were ordered to stay away from the plaintiff, treat his injuries, and monitor his transportation.

## IV. Public Interest

The final factor is public interest.  We find that this factor weighs against granting a TRO.  It is arguably not in the public interest to have the courts micro-managing the assignments of prison personnel or the administration of medical care provided to prisoners.  The judicial system is not designed and does not have the resources to fulfill such a role.  The public clearly has a compelling interest in the safety and just treatment of prisoners, but to that end, the defendants are already under a duty not to violate plaintiff's constitutional rights.  It is unclear at this stage of the litigation, particularly considering the absence of evidence of ongoing abuse, how a TRO would advance the public's interest further than this ongoing duty.  Thus, plaintiff has not established that granting the TRO would be in the public interest.

## Conclusion

Based upon an analysis of the relevant factors, we find that

plaintiff's motion for injunctive relief should be denied.  Plaintiff has not established likelihood of success on the merits, irreparable injury or that the granting of the injunction is in the public interest.  Accordingly, the motion will be denied.  An appropriate order follows.


**Date: 3/16/15**                              **s/ James M. Munley**
                                        **JUDGE JAMES M. MUNLEY**
                                        **United States District Court**

6