# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ANTHONY MONEYHAM, | : | No. 3:15cv436 |
| Plaintiff | : | |
| | : | (Judge Munley) |
| v. | : | |
| | : | (Magistrate Judge Saporito) |
| L. POTTER, EMT; M. BARTH, EMT; | : | |
| and OFFICER MESSENMAN, | : | |
| Defendants | : | |

## MEMORANDUM

Plaintiff Anthony Moneyham (hereinafter "plaintiff") asserts a constitutional tort claim arising from his incarceration at the United States Penitentiary in Lewisburg, Pennsylvania (hereinafter "USP-Lewisburg") against three Bureau of Prisons (hereinafter "BOP") employees. Before the court for disposition is Magistrate Judge Joseph M. Saporito Jr.'s report and recommendation (hereinafter "R&R"). (Doc. 32). The R&R proposes dismissing plaintiff's complaint *sua sponte* for failure to exhaust administrative remedies prior to filing suit. Plaintiff filed objections and they are ripe for disposition.

**Background**

Plaintiff, a *pro se* inmate currently incarcerated at USP-Lewisburg, initiated the instant action on February 24, 2015. (Doc. 1, Compl.). Plaintiff's complaint alleges two emergency medical technicians and a prison officer physically assaulted him on February 21, 2015 in retaliation for a

hunger strike.  (Id. at 2-3).  Specifically, the complaint avers a First Amendment retaliation claim pursuant to Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics, 403 U.S. 388 (1971) against Defendants Potter, Barth and Messenman (hereinafter "defendants").

The defendants filed a motion to dismiss plaintiff's complaint pursuant to Federal Rule of Civil Procedure 12(b)(1), arguing plaintiff's complaint only asserts "official capacity" claims against defendants.[1]  (Doc. 26).  Thus, according to the defendants, the entire case must be dismissed.  Plaintiff filed an opposition brief conceding the "official capacity" claims should be dismissed, however, the case should proceed against the defendants in their "individual capacities."

Magistrate Judge Saporito reviewed the parties' arguments and recommends, *sua sponte*, that plaintiff's complaint be dismissed for failure to

---

[1] It is well-settled that Bivens actions against the United States–and, by extension, against federal agencies or officials sued in their official capacity–are barred by sovereign immunity, absent an explicit waiver of that immunity.  F.D.I.C. v. Meyer, 510 U.S. 471, 483 (1994); Jaffee v. United States, 592 F.2d 712, 717 (3d Cir. 1979); Bell v. Rossott, 227 F. Supp. 2d 315, 320 (M.D. Pa. 2002) (dismissing claim against individual federal defendants sued in their official capacity because the claims are essentially made against the United States).  Therefore, sovereign immunity precludes Bivens actions from being asserted against the United States, a federal agency or federal employees sued in their official capacity.

2

exhaust administrative remedies prior to filing suit. Plaintiff filed timely objections to the R&R, and they are ripe for disposition.

**Legal Standard**

In disposing of objections to a magistrate judge's R&R, the district court must make a *de novo* determination of those portions of the report against which objections are made. 28 U.S.C. § 636(b)(1)(c); see also Sullivan v. Cuyler, 723 F.2d 1077, 1085 (3d Cir. 1983). The court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. Henderson v. Carlson, 812 F.2d 874, 877 (3d Cir. 1987). The district court judge may also receive further evidence or recommit the matter to the magistrate judge with instructions. Id.

**Discussion**

Magistrate Judge Saporito recommends, *sua sponte*, dismissing plaintiff's complaint for failure to exhaust administrative remedies prior to filing suit. Plaintiff objects, arguing he exhausted his administrative remedies. Alternatively, plaintiff seeks permission to file an amended complaint. We address the issues of exhaustion and plaintiff's amended complaint *in seriatim*.

## I. Exhaustion

Magistrate Judge Saporito recommends dismissing plaintiff's complaint for failure to fully exhaust administrative remedies prior to instituting this action. Magistrate Judge Saporito notes that plaintiff filed this complaint on February 24, 2015–three days after the alleged assault occurred on February 21, 2015. (R&R at 11-12).[2] Plaintiff objects, arguing that his complaint is not about the February 21, 2015 assault. Rather, plaintiff claims these same defendants assaulted him on November 20, 2014, and it is the November assault, not the February assault which gives rise to his retaliation action. After a careful review, the court disagrees with the plaintiff.

As previously explained, plaintiff asserts a First Amendment retaliation claim for engaging in a hunger strike. (Doc. 1, Compl. at 2-3). Plaintiff alleges that on February 21, 2015, the defendants physically assaulted him in retaliation for his hunger strike on February 20, 2015. (Id.) As such, any alleged retaliatory action must occur **after** the protected action–here the

---

[2] Additionally, plaintiff's complaint expressly acknowledges that he has not fully exhausted his administrative remedies pertaining to the alleged February 21, 2015 assault. (R&R at 12).

hunger strike. Stated differently, the alleged November 2014 assault cannot give rise to a First Amendment retaliation action because the protected conduct–the hunger strike–had not yet occurred. Thus, plaintiff's contention that his retaliation claim derives from the alleged November 2014 assault fails as a matter of law.

Plaintiff next argues that even if the basis of his complaint is the February 21, 2015 assault, he has now fully exhausted this claim. Thus, according to the plaintiff, his original complaint must go forward. Plaintiff cites no authority for this proposition and our research has uncovered none. Indeed, Federal law required the court dismiss plaintiff's complaint.

The Prison Litigation Reform Act of 1995 (hereinafter the "PLRA") "mandates than an inmate exhaust 'such administrative remedies as are available' before brining suit to challenge prison conditions." Ross v. Blake, –S.Ct.–, 2016 WL 3128839, at * 3 (June 6, 2016) (quoting 42 U.S.C. § 1997e(a) (hereinafter "section 1997e"))[3]; Porter v. Nussle, 534 U.S. 516, 532 (2002). Stated differently, under the PLRA, a prisoner may not bring

---

[3] Section 1997e(a) provides as follows: "No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility **until such administrative remedies as are available are exhausted**." 42 U.S.C. § 1997e(a) (emphasis added).

any action under 42 U.S.C. § 1983 (hereinafter "section 1983") or any other Federal law without first exhausting his administrative remedies. Woodford v. Ngo, 548 U.S. 81, 85, 87-88 (2006) (citing 42 U.S.C. § 1997e(a)); accord Jones v. Bock, 549 U.S. 199, 211 (2007 ("There is not question that exhaustion is mandatory under the PLRA.").[4]

This mandatory languages "means a court may not excuse a failure to exhaust, even to take such circumstances into account." Ross v. Blake, 2016 WL 3128839, at *5. Furthermore, "mandatory exhaustion statutes like the PLRA establish mandatory exhaustion regimes, foreclosing judicial discretion."[5] Id. In short, "all inmates must now exhaust all available

---

[4] The issue of exhaustion is a question of law for the judge to decide. Small v. Camden Cty., 728 F.3d 265, 269 (3d Cir. 2013).

[5] Moreover, the PLRA's history underscores the mandatory nature of its exhaustion regime. In Porter v. Nussle, the Supreme Court noted that:
> [t]he current exhaustion provision differs markedly from its predecessor. Once within the discretion of the district court, exhaustion in cases covered by § 1997e(a) is now mandatory. All "available" remedies must now be exhausted; those remedies need not meet federal standards, nor must they be "plain, speedy, and effective." Even when the prisoner seeks relief not available in grievance proceedings, notably money damages, exhaustion is a prerequisite to suit. And unlike the previous provision, which encompassed only § 1983 suits, exhaustion is now required for all "action[s] . . . brought with respect to prison conditions," whether under § 1983 or "any other Federal law."

534 U.S. at 524. (internal quotations and citations omitted).

remedies: 'Exhaustion is no longer left to the discretion of the district court.'" Ross v. Blake, 2016 WL 3128839, at * 6 (quoting Woodford, 548 U.S. at 85).[6]

In the instant matter, plaintiff concedes that he failed to exhaust his administrative remedies **prior to filing suit**. (Doc. 1, Compl. at 2). Because a court may not excuse a failure to exhaust, the PLRA's mandatory exhaustion requirement obligates the court to dismiss plaintiff's original complaint. Thus, the court will overrule plaintiff's objection and dismiss his original complaint.[7]

## II. Leave to amend

Plaintiff next objects to the recommendation that his complaint be dismissed without leave to amend. Specifically, plaintiff avers he exhausted his administrative remedies after filing suit. Thus, according to plaintiff, the court

---

[6] Stated differently, the Supreme Court of the United Stated has held that PLRA exhaustion is a precondition to **suit**. Porter, 534 U.S. at 524; accord Williams v. Beard, 482 F.3d 637, 639 (3d Cir. 2007) (explaining that exhaustion under the PLRA is mandatory, and prisoners must exhaust all available remedies, even where the relief sought cannot be granted through the administrative process); Wallace v. Miller, 544 F. App'x 40, 42 (3d Cir. 2013) (affirming the district court's dismissal of a prisoner's lawsuit for failure to properly exhaust administrative remedies prior to filing suit) (citing Ahmed v. Dragovich, 297 F.3d 201, 209 n.9 (3d Cir. 2002) (finding that a prisoner may not satisfy the exhaustion requirement after the filing of his complaint)).

[7] Plaintiff also objects to the magistrate judge's failure to address his claims for injunctive relief. Because the court will dismiss plaintiff's complaint, plaintiff's objection regarding his claims for injunctive relief are moot.

must allow him to file an amended complaint.

Leave of the court is required under Federal Rule of Civil Procedure 15(a)(2) when a party seeks to amend a pleading outside of the time-frame allowed in Rule 15(a)(1).[8]  Courts are instructed to "freely give leave when justice so requires." FED. R. CIV. P. 15(a)(2).  Furthermore, *pro se* litigants are afforded liberal treatment.  Haines v. Kerner, 404 U.S. 519, 520 (1972).  Additionally, *pro se* litigants are to be granted leave to file a curative amended complaint "even when a plaintiff does not seek leave to amend," unless such an amendment would be inequitable or futile.  Alston v. Parker, 363 F.3d 229, 235 (3d Cir. 2004).

In the instant matter, the court will allow plaintiff to file an amended complaint pertaining to his retaliation claim for two reasons.  First, plaintiff's amended complaint is timely under the statute of limitations.  Specifically, Bivens claims are subject to the state statute of limitations for personal injury actions.  Wilson v. Garcia, 471 U.S. 261, 266-67 (1985).  For civil rights actions originating in Pennsylvania, a two-year statute of limitations applies.  Lake v.

---

[8] Under Rule 15(a)(1), a party can amend a complaint twenty-one (21) days after serving it or twenty-one (21) days after the service of a motion under Rule 12(b)(e) or (f).  See FED. R. CIV. P. 15(a)(1).  In the instant case, the time in which plaintiffs could amend the complaint as a matter of course has expired as defendants served their Rule 12(b) motions on July 16, 2012.

Arnold, 232 F.3d 360, 368 (3d Cir. 2000); 42 PA. CONS. STAT. ANN. § 5524. Accordingly, the statute of limitations on plaintiff's alleged civil rights claim will not expire until February 20, 2017.

Second, judicial economy outweighs the PLRA's policy objectives. The Supreme Court summarized the objectives of the PLRA's exhaustion requirement in Porter v. Nussle:

> Beyond doubt, Congress enacted § 1997e(a) to reduce the quantity and improve the quality of prisoner suits; to this purpose, Congress afforded corrections officials time and opportunity to address complaints internally before allowing the initiation of a federal case. In some instances, corrective action taken in response to an inmate's grievance might improve prison administration and satisfy the inmate, thereby obviating the need for litigation. In other instances, the internal review might filter out some frivolous claims. And for cases ultimately brought to court, adjudication could be facilitated by an administrative record that clarifies the contours of the controversy.

534 U.S. 516, 524-25, (2002) (internal quotations and citations omitted).

Here, plaintiff asserts he has fully exhausted his administrative remedies pertaining to his retaliation claim. Thus, the PLRA's policy objectives, including affording corrections officials the opportunity to address plaintiff's complaints internally, are met. Accordingly, in lieu of dismissing the instant action with prejudice and requiring the plaintiff to commence a new action, plaintiff will be allowed to file an amended complaint pertaining to his retaliation claim, **and**

**only his retaliation** claim, with twenty-one (21) days.  If the plaintiff wishes to assert additional claims, he must start a new suit.

**Conclusion**

For the above-stated reasons, the court will overrule plaintiff's objection and adopt Magistrate Judge Saporito's R&R to the extent that plaintiff's original complaint is dismissed.  The court, however, will sustain plaintiff's objection regarding filing an amended complaint.  Specifically, the court will allow plaintiff to file an amended complaint asserting the following claim: a <u>Bivens</u> claims arising from an alleged assault on February 21, 2015 in retaliation for plaintiff's hunger strike on February 20, 2015.  Plaintiff **may not** assert any additional claims.  Plaintiff must file a new action if he chooses to assert additional claims.  An appropriate order follows.

**Date:  06/27/2016**                                                      **s/ James M. Munley**
                                                                                         **JUDGE JAMES M. MUNLEY**
                                                                                         **United States District Court**