UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ANTHONY MONEYHAM, #42280-424,<br><br>Plaintiff,<br><br>v.<br><br>L. POTTER, EMT, et al.,<br><br>Defendants. | CIVIL ACTION NO. 3:15-cv-00436<br><br>(MUNLEY, J.)<br>(SAPORITO, M.J.)<br><br>FILED<br>WILKES BARRE<br>JUL 21 2016<br>Per ___ MS |

## REPORT AND RECOMMENDATION

This is an *in forma pauperis* federal civil rights action, brought by *pro se* plaintiff Anthony Moneyham, a federal prisoner incarcerated at USP Lewisburg, located in Union County, Pennsylvania. The plaintiff's original complaint was constructively filed on February 24, 2015, the date when he delivered it to prison officials for mailing. (Doc. 1). *See generally Houston v. Lack*, 487 U.S. 266, 270–71 (1988) (articulating the "prison mailbox rule"). The original complaint named three defendants.

On June 27, 2016, the original complaint was dismissed, with leave to file an amended complaint within a specified time period. (Doc. 35; *see also* Doc. 34). On July 18, 2016, the *pro se* plaintiff filed his amended complaint. (Doc. 37). In addition to the three defendants named in the

original complaint, each of whom has already appeared through counsel in this action, the amended complaint named five additional defendants, none of whom has yet been served with process in this action. (*Id.* at 2).

We have screened the amended complaint and recommend that it be dismissed *sua sponte* with respect to one of the newly added defendants for failure to state a claim upon which relief can be granted. *See* 28 U.S.C. § 1915(e)(2)(B)(ii); 28 U.S.C. § 1915A(b)(1); 42 U.S.C. § 1997e(c)(1). *See generally Banks v. County of Allegheny*, 568 F. Supp. 2d 579, 587–89 (W.D. Pa. 2008) (summarizing prisoner litigation screening procedures and standards). The caption of the amended complaint includes "C. Brininger" as a named defendant to this action. (Doc. 37, at 2). But the facts alleged in support of the plaintiff's retaliation claim contain no reference whatsoever to this individual. Because the amended complaint fails to allege any personal involvement by Brininger in the conduct underlying the plaintiff's *Bivens* claim, it is appropriate to dismiss this action as against this defendant for failure to state a claim upon which relief can be granted, pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii), 28 U.S.C. § 1915A(b)(1), and 42 U.S.C. § 1997e(c)(1). *See Hudson v. McKeesport Police Chief*, 244 Fed. App'x 519, 522 (3d Cir. 2007) (per curiam) (affirming dismissal of

defendant who was only named in caption of case); *Banks*, 568 F. Supp. 2d at 583 (collecting cases).

By separate Order, we have directed that the amended complaint be served upon the other four newly added defendants.

Accordingly, for the foregoing reasons, it is recommended that:

1. The amended complaint (Doc. 37) be **DISMISSED** with respect to defendant Brininger for failure to state a claim upon which relief can be granted, pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii), 28 U.S.C. § 1915A(b)(1), and 42 U.S.C. § 1997e(c)(1);

2. The plaintiff be granted leave to file a curative amendment within a specified time period after dismissal of the amended complaint as against defendant Brininger, *see Grayson v. Mayview State Hosp.*, 293 F.3d 103, 108 (3d Cir. 2002); and

3. The matter be remanded to the undersigned for further proceedings.

Dated: July 21, 2016

JOSEPH F. SAPORITO, JR.
United States Magistrate Judge

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ANTHONY MONEYHAM, #42280-424, <br><br>Plaintiff,<br><br>v.<br><br>L. POTTER, EMT, et al.,<br><br>Defendants. | CIVIL ACTION NO. 3:15-cv-00436<br><br>(MUNLEY, J.)<br>(SAPORITO, M.J.) |

## NOTICE

NOTICE IS HEREBY GIVEN that the undersigned has entered the foregoing Report and Recommendation dated July 21, 2016. Any party may obtain a review of the Report and Recommendation pursuant to Local Rule 72.3, which provides:

> Any party may object to a magistrate judge's proposed findings, recommendations or report addressing a motion or matter described in 28 U.S.C. § 636(b)(1)(B) or making a recommendation for the disposition of a prisoner case or a habeas corpus petition within fourteen (14) days after being served with a copy thereof. Such party shall file with the clerk of court, and serve on the magistrate judge and all parties, written objections which shall specifically identify the portions of the proposed findings, recommendations or report to which objection is made and the basis for such objections. The briefing requirements set forth in Local Rule 72.2 shall apply. A judge shall make a de novo determination of those portions of the report or specified proposed findings or

recommendations to which objection is made and may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. The judge, however, need conduct a new hearing only in his or her discretion or where required by law, and may consider the record developed before the magistrate judge, making his or her own determination on the basis of that record. The judge may also receive further evidence, recall witnesses or recommit the matter to the magistrate judge with instructions.

Dated: July 21, 2016

*Joseph F. Saporito, Jr.*
JOSEPH F. SAPORITO, JR.
United States Magistrate Judge