IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ANTHONY MONEYHAM, | : | No. 3:15cv436 |
| Plaintiff | : | |
| | : | (Judge Munley) |
| v. | : | |
| | : | (Magistrate Judge Saporito) |
| L. POTTER, et al., | : | |
| Defendants | : | |

## MEMORANDUM

Plaintiff Anthony Moneyham (hereinafter "plaintiff") asserts a constitutional tort claim arising from his incarceration at the United States Penitentiary in Lewisburg, Pennsylvania (hereinafter "USP-Lewisburg") against several Bureau of Prisons (hereinafter "BOP") employees. Before the court for disposition is Magistrate Judge Joseph M. Saporito Jr.'s report and recommendation (hereinafter "R&R"). (Doc. 41). The R&R proposes dismissing plaintiff's amended complaint *sua sponte* with respect to Defendant C. Brininger for failure to state a claim upon which relief can be granted. For the following reasons, we will adopt the R&R and dismiss Defendant C. Brininger.

**Background**

Plaintiff, a *pro se* inmate currently incarcerated at USP-Lewisburg, initiated this action on February 24, 2015. (Doc. 1, Compl.). In his original

complaint, plaintiff averred a First Amendment retaliation claim pursuant to Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics, 403 U.S. 388 (1971) based on allegations that two emergency medical technicians and a prison officer physically assaulted him on February 21, 2015 in retaliation for a hunger strike. (Doc. 1, Compl.).

These defendants moved to dismiss plaintiff's complaint (Doc. 18), and on March 16, 2016, Magistrate Judge Saporito recommended dismissing plaintiff's complaint for failure to exhaust administrative remedies. (Doc. 32). On June 27, 2016, we adopted Magistrate Judge Saporito's R&R and dismissed plaintiff's complaint for failure to exhaust administrative remedies prior to filing suit. (Doc. 35). We further directed plaintiff to file an amended complaint to properly assert a constitutional tort claim within twenty-one (21) days. (Id.).

Plaintiff filed an amended complaint on July 18, 2016. (Doc. 37, Am. Compl.). In addition to the three defendants named in the original complaint, the amended complaint names five additional defendants. (Id. at 2). Plaintiff again avers a First Amendment retaliation claim pursuant to Bivens, but now also alleges that two emergency medical technicians and six prison officers physically assaulted him on February 21, 2015 in retaliation for a hunger strike. (Doc. 37, Am. Compl. at 2-3).

2

On July 21, 2016, Magistrate Judge Saporito recommended that plaintiff's complaint be dismissed *sua sponte* with respect to one of the newly added defendants, "C. Brininger," for failure to state a claim upon which relief can be granted.  (Doc. 41).  In his R&R, Magistrate Judge Saporito reasoned that although "the amended complaint includes 'C. Brininger' as a named defendant[,] . . . the facts alleged in support of the plaintiff's retaliation claim contain no reference whatsoever to this individual" and, therefore, warrants dismissal.  (Id. at 2).  Plaintiff filed timely objections to the R&R, and they are now ripe for disposition.

**Legal Standard**

In disposing of objections to a magistrate judge's R&R, the district court must make a *de novo* determination of those portions of the report against which objections are made.  28 U.S.C. § 636(b)(1)(c); see also Sullivan v. Cuyler, 723 F.2d 1077, 1085 (3d Cir. 1983).  The court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge.  Henderson v. Carlson, 812 F.2d 874, 877 (3d Cir. 1987).  The district court judge may also receive further evidence or recommit the matter to the magistrate judge with instructions.  Id.

**Discussion**

Magistrate Judge Saporito recommends dismissing plaintiff's complaint *sua sponte* with respect to one of the newly added defendants, "C. Brininger," for failure to state a claim upon which relief can be granted. Plaintiff objects, arguing that he has sufficiently pled a claim against C. Brininger. After careful review, we agree with Magistrate Judge Saporito.

Federal Rule of Civil Procedure 8(a) requires that a complaint include "a short and plain statement of the claim showing that the plaintiff is entitled to relief," and Rule 8(f) instructs district courts that "[a]ll pleadings shall be so construed as to do substantial justice." A plaintiff's complaint "must simply give the defendant fair notice of what the plaintiff's claim is and the ground upon which it rests." Swierkiewicz v. Sorema N.A., 534 U.S. 506, 512 (2002) (quotations omitted). Allegations in a *pro se* complaint, "however inartfully pleaded are held to less stringent standards than formal pleadings drafted by lawyers." Hughes v. Rowe, 449 U.S. 5, 9 (1980) (internal quotations and citations omitted).

When a plaintiff's Bivens claim fails to meet the minimal standard of Rule 8(a), however, the court shall dismiss the action for failure to state a claim upon which relief can be granted. Hudson v. McKeesport Police Chief, 244 F. App'x 519, 522 (3d Cir. 2007) (per curiam) (affirming

dismissal of defendant who was only named in caption of case); 28 U.S.C.A. § 1915(e)(2)(b)(ii); 28 U.S.C.A. § 1915A(b)(1); 42 U.S.C. § 1997e(c)(1).

Here, while the caption of plaintiff's amended complaint includes "C. Brininger" as a named defendant, the facts alleged in support of plaintiff's retaliation claim contain no reference to this individual. Because the amended complaint fails to allege any personal involvement by Brininger in the conduct underlying plaintiff's Bivens claim, we agree with Magistrate Judge Saporito that dismissal of this action against this defendant is appropriate. The court, however, will provide plaintiff twenty-one (21) days to file an amended complaint to properly plead a cause of action against Defendant C. Brininger.

**Conclusion**

For the foregoing reasons, we will overrule plaintiff's objection and adopt Magistrate Judge Saporito's R&R dismissing plaintiff's claim against Defendant Brininger. An appropriate order follows.

**Date: August 30, 2016**     **s/ James M. Munley**
                              **JUDGE JAMES M. MUNLEY**
                              **United States District Court**