# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ANTHONY MONEYHAM, #42280-424, <br><br> Plaintiff, <br><br> v. <br><br> L. POTTER, EMT, et al., <br><br> Defendants. | CIVIL ACTION NO. 3:15-cv-00436 <br><br> (MUNLEY, J.) <br> (SAPORITO, M.J.) |

## **REPORT AND RECOMMENDATION**

This is a federal civil rights action, brought by *pro se* plaintiff Anthony Moneyham, a federal prisoner incarcerated at USP Lewisburg, a federal correctional institution located in Union County, Pennsylvania. The plaintiff's original complaint was received and docketed by the Clerk of Court on March 2, 2015, but it was constructively filed on February 24, 2015, the date when Moneyham delivered it to prison officials for mailing. (Doc. 1). *See generally Houston v. Lack*, 487 U.S. 266, 270–71 (1988) (articulating the "prison mailbox rule"). The plaintiff has been granted leave to proceed *in forma pauperis* in this action. (Doc. 10).

In his original complaint, which named three individual defendants, Moneyham alleged the violation of his federal constitutional rights

pursuant to *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971). In particular, Moneyham alleged that, on February 21, 2015, the three named defendants—together with additional unidentified corrections staff—assaulted him while he was in hand restraints. (Doc. 1). Moneyham further alleged that the assault was in retaliation for his refusal to end a hunger strike that he had begun to protest the discontinuation of a medication prescription he had previously received. (*Id.*).

On June 27, 2016, the original complaint was dismissed, with leave to file an amended complaint within a specified time period, subject to the condition that any amended complaint be strictly limited to the assertion of "a *Bivens* claim arising from an alleged assault on February 21, 2015[,] in retaliation for [the] plaintiff's hunger strike on February 20, 2015. Plaintiff *may not* assert any additional claims. Plaintiff must file a new action if he chooses to assert additional claims." (Doc. 35 ¶ 7; *see also* Doc. 34, at 10).

On July 18, 2016, the *pro se* plaintiff filed an amended complaint. (Doc. 37). In addition to the original three defendants, the amended complaint added five new defendants, each of whom allegedly participated

in some manner in the February 21, 2015, assault. (*Id.*). On August 30, 2016, the amended complaint was dismissed *sua sponte* with respect to one of the newly added defendants—defendant "C. Brininger" was named in the caption but nowhere else in the body of the amended complaint—but with leave to file a second amended complaint as to defendant Brininger. (Doc. 41). On September 19, 2016, Moneyham filed a second amended complaint as to defendant Brininger alone. (Doc. 48). Taken together, the first and second amended complaints constitute the operative complaint in this action. (Doc. 37; Doc. 48). *See generally Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 244–46 (3d Cir. 2013) (discussing a court's obligation to liberally construe *pro se* pleadings and other submissions, particularly when dealing with imprisoned *pro se* litigants).

The defendants have filed a motion to dismiss or, in the alternative, for summary judgment, on the ground that Moneyham failed to exhaust available administrative remedies before bringing this action. (Doc. 53). In support, as required by the local civil rules, they have submitted a statement of material facts, accompanied by testimonial declarations and documentary exhibits, and a brief in support. (Doc. 54; Doc. 55). Moneyham has filed a brief in opposition to the motion, together with a

statement of disputed material facts and a declaration in opposition to the motion. (Doc. 56; Doc. 57; Doc. 58). The matter is now ripe for disposition.

## I. MATERIAL FACTS

Moneyham claims that on February 21, 2015, he was placed in hand restraints and assaulted by the defendants. He claims that the defendants assaulted him in retaliation for his refusal to end a hunger strike he had undertaken to protest the discontinuation of a medication prescription that he had previously received.

On February 24, 2015, Moneyham constructively filed his original complaint in this civil action when he presented it to prison officials for mailing. On March 2, 2015, Moneyham's original complaint was received and docketed by the Court.

On or about March 12, 2015, Moneyham submitted Administrative Remedy Request No. 813596-F1, in which he claimed to have been assaulted by staff and he requested monetary damages and other relief. (Doc. 55-1, at 44; *see also* Doc. 13, at 8). On March 20, 2015, the warden responded to Moneyham's request, explaining that an investigation into the alleged staff misconduct had been initiated, but that the plaintiff would not be advised of the outcome of the investigation. (Doc. 13, at 8).

On or about April 6, 2015, Moneyham submitted Administrative Remedy Request No. 813596-R1, appealing the warden's decision to the Northeast Regional Office of the BOP. (Doc. 55-1, at 50). On May 6, 2015, the Regional Director denied Moneyham's appeal. (*Id.*).[1]

On or about May 27, 2015, Moneyham submitted Administrative Remedy Request No. 813596-A1, appealing the Regional Director's decision to the Central Office of the BOP. (Doc. 55-1, at 56). On July 7, 2015, the BOP's General Counsel responded to Moneyham's appeal and closed the file. (*Id.*). With that, Moneyham had exhausted all available administrative remedies.

On June 27, 2016, Moneyham's original complaint in this action was dismissed, with conditional leave to file an amended complaint. On July 18, 2016, Moneyham filed his amended complaint. On August 30, 2016, the amended complaint was dismissed with respect to one of the eight named defendants, C. Brininger, again with leave to file an amended complaint. On September 19, 2016, Moneyham filed a second amended complaint

---

[1] Moneyham submitted two additional copies of his appeal to the Regional Director—Administrative Remedy Request Nos. 813596-R2 and 813596-R3—both of which were received on April 13, 2015, and rejected as duplicative on April 14, 2015. (Doc. 55-1, at 51).

with respect to defendant Brininger alone.

## II. LEGAL STANDARD

Under Rule 56 of the Federal Rules of Civil Procedure, summary judgment should be granted only if "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A fact is "material" only if it might affect the outcome of the case. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A dispute of material fact is "genuine" only if the evidence "is such that a reasonable jury could return a verdict for the non-moving party." *Anderson*, 477 U.S. at 248. In deciding a summary judgment motion, all inferences "should be drawn in the light most favorable to the non-moving party, and where the non-moving party's evidence contradicts the movant's, then the non-movant's must be taken as true." *Pastore v. Bell Tel. Co. of Pa.*, 24 F.3d 508, 512 (3d Cir. 1994).

The party seeking summary judgment "bears the initial responsibility of informing the district court of the basis for its motion," and demonstrating the absence of a genuine dispute of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). If the movant makes such a showing, the non-movant must set forth specific facts, supported by

the record, demonstrating that "the evidence presents a sufficient disagreement to require submission to the jury." *Anderson*, 477 U.S. at 251–52.

III. DISCUSSION

Before bringing a *Bivens* action concerning prison conditions, a prisoner must first exhaust all available administrative remedies. 42 U.S.C. § 1997e(a); *see also Booth v. Churner*, 532 U.S. 731, 741 n.6 (2001) ("[A]n inmate must exhaust irrespective of the forms of relief sought and offered through administrative avenues."). "[I]t is beyond the power of this court . . . to excuse compliance with the exhaustion requirement, whether on the ground of futility, inadequacy or any other basis." *Nyhuis v. Reno*, 204 F.3d 65, 73 (3d Cir. 2000). Moreover, § 1997e(a) requires "proper" exhaustion of administrative remedies, meaning strict compliance with BOP deadlines and other procedural rules. *Woodford v. Ngo*, 548 U.S. 81, 89–95 (2006). "A procedural default by the prisoner, either through late or improper filings, bars the prisoner from bringing a claim in federal court unless equitable considerations warrant review of the claim." *McKinney v. Kelchner*, No. 1:CV-05-0205, 2007 WL 2852373, at *3 (M.D. Pa. Sept. 27, 2007) (citing *Spruill v. Gillis*, 372 F.3d 218, 227–32 (3d Cir. 2004)). "[T]o

properly exhaust administrative remedies prisoners must 'complete the administrative review process in accordance with the applicable procedural rules'—rules that are defined not by [§ 1997e(a)], but by the prison grievance process itself." *Jones v. Bock*, 549 U.S. 199, 218 (2007) (quoting *Woodford*, 548 U.S. at 88) (citation omitted); *see also Strong v. David*, 297 F.3d 646, 649 (7th Cir. 2002) ("Section 1997e(a) does not delineate the procedures prisoners must follow.").

The BOP has established a multi-stage administrative remedy process through which an inmate may seek formal review of an issue related to any aspect of confinement. *See* 28 C.F.R. § 542.10 *et seq.*; *see also Nyhuis*, 204 F.3d at 77 n.12 (describing the administrative remedy process). At the first stage, the inmate is required to present an issue of concern *informally* to staff in an attempt to informally resolve the issue without a formal request for an administrative remedy. 28 C.F.R. § 542.13(a). If unable to satisfactorily resolve the issue informally, the inmate must file a formal written administrative remedy request on BOP Form BP-9. *Id.* § 542.14(a). Ordinarily, the inmate's BP-9 must be submitted to the Warden within 20 calendar days following the date on which the basis for the administrative remedy occurred. *Id.* If dissatisfied

with the Warden's response, the inmate may submit a written appeal to the appropriate Regional Director on BOP Form BP-10. *Id.* § 542.15(a). Ordinarily, the inmate's BP-10 must be submitted within 20 calendar days of the date the Warden signed his or her response. *Id.* If dissatisfied with the Regional Director's response, the inmate may submit a written appeal to the BOP's General Counsel on BOP Form BP-11. *Id.* The inmate's BP-11 must be submitted within 30 calendar days of the date when the Regional Director signed his or her response. *Id.* This review by the BOP's General Counsel is the final administrative appeal for administrative remedy requests by federal prisoners. *Id.* The BOP regulations expressly provide for extension of these deadlines in a variety of circumstances. *See id.* § 542.14(b); 28 C.F.R. § 542.15(a).

Here, it is clear from the record before the Court that Moneyham's claims are barred by his failure to exhaust all available administrative remedies before filing suit. The defendants have cited to a testimonial declaration and documentary evidence establishing that Moneyham filed no requests for administrative remedies whatsoever between the date on which he was allegedly assaulted—February 21, 2015—and the date on

which he initiated this civil action—March 2, 2015.[2]

In response, Moneyham argues that he did in fact exhaust all available administrative remedies, citing Administrative Remedy Request No. 813596. But this grievance was initially submitted at the facility level on or about March 12, 2015, days or weeks after the original complaint in this action had been either constructively or actually filed with the Court. Moreover, Moneyham's administrative remedies were not actually exhausted until the BOP's General Counsel responded to Moneyham's administrative remedy appeal on or about July 7, 2015—several months after the original complaint was filed. As the Third Circuit has observed, "[t]he Prison Litigation Reform Act ('PLRA') prohibits an inmate from bringing a civil rights suit alleging specific acts of unconstitutional conduct by prison officials '*until* such administrative remedies as are available are exhausted.'" *Oriakhi v. United States*, 165 Fed. App'x 991, 993 (3d Cir. 2006) (per curiam) (quoting 42 U.S.C. § 1997e(a)) (emphasis in original). "To satisfy this requirement, a prisoner must exhaust all available

---

[2] The *pro se* plaintiff's original complaint was received and docketed by the Court on March 2, 2015. The plaintiff appears to have presented it to prison officials for mailing on February 24, 2015—the date on which he signed and dated the original complaint.

administrative remedies *prior to* filing suit . . . ." *Id.* (emphasis added); *see also Millbrook v. United States*, 8 F. Supp. 3d 601, 611 (M.D. Pa. 2014) ("Dismissal of an inmate's claim is appropriate when a prisoner has failed to exhaust his available administrative remedies before bringing a civil rights action. '[E]xhaustion must occur prior to filing suit, not while the suit is pending.'") (citations omitted, brackets in original).

Moneyham argues that he has satisfied the PLRA's exhaustion requirement because, although he did not exhaust his administrative remedies until after filing his original complaint, he completed the exhaustion of administrative remedies before filing his amended complaint on July 18, 2016. But "[i]t is well-settled that exhaustion must occur prior to filing the *action* in federal court." *Green v. Dep't of Corr.*, 393 Fed. App'x 20, 24 (3d Cir. 2010) (per curiam) (emphasis added); *see also Oriakhi*, 165 Fed. App'x at 993 ("[A] prisoner may not fulfill the PLRA's exhaustion requirement by exhausting administrative remedies after the filing of the complaint in federal court."). "[T]he [PLRA] allows for an amended complaint to allege new and newly exhausted claims addressing incidents that *had not yet transpired* at the original time of filing." *Washington v. Grace*, 455 Fed. App'x 166, 168 n.2 (3d Cir. 2011) (per curiam) (emphasis

added) (citing *Rhodes v. Robinson*, 621 F.3d 1002, 1007 (9th Cir. 2010)); *see also Boone v. Nose*, 530 Fed. App'x 112, 113 n.1 (3d Cir. 2013) (per curiam) ("Under the [PLRA], prisoners may file supplemental complaints if the claims in question 1) have truly *accrued* since the beginning of the suit and 2) are exhausted per 42 U.S.C. § 1997e(a) before the supplement is filed.") (emphasis added) (citing *Rhodes*, 621 F.3d at 1005); *cf. Rhodes*, 621 F.3d at 1006–07 (prisoner-plaintiff satisfied PLRA exhaustion requirement where claims arose *after* initial complaint was filed and administrative remedies were exhausted before filing of supplemental complaint first asserting the claims); *Barnes v. Briley*, 420 F.3d 673, 678 (7th Cir. 2005) (prisoner-plaintiff satisfied PLRA exhaustion requirement where "[t]he filing of the amended complaint was the functional equivalent of filing a new complaint" because the original complaint asserted an FTCA claim against a federal agency, whereas the amended complaint asserted § 1983 claims against newly added state defendants).

Here, the incident giving rise to Moneyham's claim occurred on February 21, 2015, *before* he filed his original complaint. Moreover, both the original complaint and the amended complaint concern the very same *Bivens* claim against the very same prison officials arising out the very

- 12 -

same incident.[3] Unlike the scenarios presented in *Washington*, *Boone*, *Rhodes*, or *Barnes*, "[t]his is not a case where the cause of action did not yet exist at the time [Moneyham] filed the original complaint[]." *Green*, 393 Fed. App'x at 24. Rather, this case parallels *Green*, in which the Third Circuit found that a plaintiff presenting remarkably similar facts had failed to exhaust his administrative remedies. *See id.* at 24.

"Under the PLRA, exhaustion is a precondition for bringing suit under [*Bivens*]." *Small v. Camden Cty.*, 728 F.3d 265, 269 (3d Cir. 2013); *see also Nyhuis*, 204 F.3d at 68–69. As the Supreme Court has recently admonished, "Congress sets the rules—and courts have a role in creating exceptions only if Congress wants them to. For that reason, mandatory exhaustion statutes like the PLRA establish mandatory exhaustion regimes, foreclosing judicial discretion." *Ross v. Blake*, 136 S. Ct. 1850, 1857 (2016). Under the circumstances presented in this case, we are compelled to conclude that Moneyham failed to properly exhaust available administrative remedies prior to bringing suit and, moreover, that we lack

---

[3] Although the original complaint only named three of the eight current defendants, it referenced "numerous other staff members" who participated in the assault but were not named until later, when the amended complaint was filed. (*See* Doc. 1, at 3).

authority to excuse this failure based on his subsequent exhaustion of administrative remedies.

Accordingly, it is recommended that the defendants' motion for summary judgment (Doc. 53) be granted.

## IV. RECOMMENDATION

For the foregoing reasons, it is recommended that:

1. The defendant's motion for summary judgment (Doc. 53) be **GRANTED**;

2. The Clerk be directed to enter **JUDGMENT** in favor of the defendants and against the plaintiff; and

3. The Clerk be directed to **CLOSE** this case.


Dated: August 3, 2017          ***s/ Joseph F. Saporito, Jr.***
                                              JOSEPH F. SAPORITO, JR.
                                              United States Magistrate Judge

# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ANTHONY MONEYHAM, #42280-424, | CIVIL ACTION NO. 3:15-cv-00436 |
| Plaintiff, | (MUNLEY, J.) |
| v. | (SAPORITO, M.J.) |
| L. POTTER, EMT, et al., | |
| Defendants. | |

# **NOTICE**

NOTICE IS HEREBY GIVEN that the undersigned has entered the foregoing Report and Recommendation dated August 3, 2017. Any party may obtain a review of the Report and Recommendation pursuant to Local Rule 72.3, which provides:

> Any party may object to a magistrate judge's proposed findings, recommendations or report addressing a motion or matter described in 28 U.S.C. § 636(b)(1)(B) or making a recommendation for the disposition of a prisoner case or a habeas corpus petition within fourteen (14) days after being served with a copy thereof. Such party shall file with the clerk of court, and serve on the magistrate judge and all parties, written objections which shall specifically identify the portions of the proposed findings, recommendations or report to which objection is made and the basis for such objections. The briefing requirements set forth in Local Rule 72.2 shall apply. A judge shall make a de novo determination of those portions of the report or specified proposed findings or

recommendations to which objection is made and may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. The judge, however, need conduct a new hearing only in his or her discretion or where required by law, and may consider the record developed before the magistrate judge, making his or her own determination on the basis of that record. The judge may also receive further evidence, recall witnesses or recommit the matter to the magistrate judge with instructions.

Failure to file timely objections to the foregoing Report and Recommendation may constitute a waiver of any appellate rights.


Dated: August 3, 2017  　　　　　　　　 *s/ Joseph F. Saporito, Jr.*
　　　　　　　　　　　　　　　　　　　JOSEPH F. SAPORITO, JR.
　　　　　　　　　　　　　　　　　　　United States Magistrate Judge