# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| ANTHONY MONEYHAM, | : | No. 3:15cv436 |
| --- | --- | --- |
| Plaintiff | : | |
| | : | (Judge Munley) |
| v. | : | |
| | : | (Magistrate Judge Saporito) |
| L. POTTER, et al., | : | |
| Defendants | : | |

## **MEMORANDUM**

Before the court for disposition is Magistrate Judge Joseph M. Saporito's report and recommendation (hereinafter "R&R") which proposes granting the defendants' motion for summary judgment. (Doc. 60). Plaintiff Anthony Moneyham (hereinafter "plaintiff"), a federal prisoner incarcerated at United States Penitentiary Lewisburg (hereinafter "USP-Lewisburg"), filed the instant lawsuit asserting constitutional tort claims against several Bureau of Prisons (hereinafter "BOP") employees. For the following reasons, we will adopt Magistrate Judge Saporito's R&R and grant summary judgment for the defendants.

## Background

Plaintiff, a *pro se* inmate currently incarcerated at USP-Lewisburg, initiated this action on February 24, 2015. (Doc. 1, Compl.). Plaintiff alleges a First Amendment retaliation claim pursuant to Bivens v. Six Unknown Named Agents

of the Federal Bureau of Narcotics, 403 U.S. 388 (1971). Plaintiff averred in his complaint that two emergency medical technicians and a prison officer physically assaulted him on February 21, 2015, in retaliation for his refusal to end a hunger strike that plaintiff started to protest the discontinuation of his prescription medication. (Doc. 1, Compl.).

On March 12, 2015, after this action had been initiated, plaintiff submitted his first Administrative Remedy Request with USP-Lewisburg in which he informed the prison administration of his alleged assault. (Doc. 13, at 8). Between March 12, 2015, and July 7, 2015, plaintiff completed the process for exhausting his administrative remedies. (Doc. 55-1, at 56). His appeal was denied and the BOP's General Counsel closed plaintiff's file. (Id.)

Defendants moved to dismiss plaintiff's complaint (Doc. 18), and on June 27, 2016, we adopted Magistrate Judge Saporito's recommendation and dismissed plaintiff's complaint for failure to exhaust administrative remedies prior to filing suit. (Doc. 35). We further directed plaintiff to file an amended complaint to properly assert a constitutional tort claim within twenty-one (21) days limited to the assertion of a Bivens claim arising from the alleged assault on February 21, 2015. (Id.)

Plaintiff filed an amended complaint on July 18, 2016. (Doc. 37, Am. Compl.). In addition to the three defendants named in the original complaint, the

amended complaint names five additional defendants, each of whom allegedly participated in the February 21, 2015 assault. (Id. at 2). On July 21, 2016, Magistrate Judge Saporito recommended that plaintiff's complaint be dismissed *sua sponte* with respect to one of the newly added defendants, "C. Brininger," for failure to state a claim upon which relief can be granted. (Doc. 41). We adopted Magistrate Judge Saporito's recommendation on August 30, 2016, and dismissed plaintiff's claim against Defendant C. Brininger. (Doc. 47). We provided plaintiff with twenty-one (21) days to file an amended complaint to properly plead a cause of action against Defendant C. Brininger. (Id.) On September 16, 2016, plaintiff filed a second amended complaint naming Defendant C. Brininger. (Doc. 48).

Defendants filed a motion to dismiss the complaint[1] or, in the alternative, a motion for summary judgment on December 2, 2016. (Doc. 53). On August 3, 2017, Magistrate Judge Saporito, after reviewing the record, recommended that defendants' motion for summary judgment be granted after finding that plaintiff failed to properly exhaust all available administrative remedies prior to bringing this action. (Doc. 60). In his R&R, Magistrate Judge Saporito further found that the court lacks the authority to excuse this failure based on plaintiff's subsequent

---

[1] The law provides that it is the court's obligation to liberally construe a *pro se* litigant's pleadings. See generally Mala v. Crown Bay Marina, Inc., 704 F.3d 239, 244-46 (3d Cir. 2013). As such, the first and second amended complaints, taken together, constitute the operative complaint in this action. (Doc. 37; Doc. 48).

exhaustion of administrative remedies. Plaintiff filed timely objections to the R&R, and defendants filed a brief in response. (Doc. 61; Doc. 62). This matter is now ripe for disposition.

**Legal Standard**

In disposing of objections to a magistrate judge's R&R, the district court must make a *de novo* determination of those portions of the report against which objections are made. 28 U.S.C. § 636(b)(1)(c); see also Sullivan v. Cuyler, 723 F.2d 1077, 1085 (3d Cir. 1983). Absent objections to the report and recommendation, a district court should still "afford some level of review to dispositive legal issues raised by the report." Henderson v. Carlson, 812 F.2d 874, 878 (3d Cir. 1987).The law describes this level of review as "reasoned consideration." Id. Absent a clear error on the face of the record or a manifest of injustice, we may adopt the recommendation by the magistrate judge. FED. R. CIV. P. 72(b) 1983 Advisory Committee Notes; see also 28 U.S.C. § 636(b)(1); Sullivan, 723 F.2d at 1085.

The court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. Henderson, 812 F.2d at 977. The district court judge may also receive further evidence or recommit the matter to the magistrate judge with instructions. Id.

**Discussion**

Magistrate Judge Saporito recommends granting defendants' motion for summary judgment based on plaintiff's failure to properly exhaust all available administrative remedies prior to bringing suit. Magistrate Judge Saporito found that because plaintiff only exhausted his administrative remedies after filing suit, we lack the authority to excuse plaintiff's failure. In plaintiff's response to Magistrate Judge Saporito's R&R, entitled "Plaintiff Objection to Magistrate Judge Report and Recommendation," plaintiff acknowledges Magistrate Judge Saporito's findings, yet plaintiff does not dispute them. (Doc. 61). Plaintiff does not contest that he failed to exhaust his administrative remedies, nor does he contest that his failure should not be excused. Rather, plaintiff appears to raise an entirely new argument contesting Magistrate Judge Saporito's classification of plaintiff's claim as a Bivens claim.[2]

Our role is to make a *de novo* determination on the portions of the report or specific proposed findings to which objection is made. 28 USCS § 636(b)(C).

---

[2] Claims brought directly under the Constitution against federal officials have become known as "Bivens claims." Vanderklok v. United States, -- F.3d --, 2017 WL 3597711, at *5 (3d Cir. Aug. 23, 2017). Because plaintiff brought a First Amendment retaliation claim against the defendants, his claim is construed by the court as a Bivens claim. However, even if we were to analyze plaintiff's claim as an FTCA claim, which plaintiff may be suggesting, Magistrate Judge Saporito's findings would still result in dismissal of plaintiff's claim for failure to exhaust administrative remedies prior to bringing suit under 42 U.S.C. § 1997e(a).

However, in this case we are presented with a document filed by plaintiff that, despite its title, does not contain objections to either of Magistrate Judge Saporito's findings. As such, we review the record with reasoned consideration, looking for clear error on its face or a manifest of injustice. We find neither.

The law provides that "no action shall be brought with respect to prison conditions under federal law by a prisoner confined in any jail, prison, or other correctional facility until all available administrative remedies are exhausted." 42 U.S.C. § 1997e(a). Use of force by a prison official on a prisoner is considered a "prison condition" for the purposes of the Prison Litigation Reform Act. Booth v. Churner, 206 F.3d 289 (3d Cir. 2000).

"The determination of whether a prisoner has 'properly' exhausted a claim . . . is made by evaluating the prisoner's compliance with the prison's administrative regulations governing inmate grievances, and the waiver, if any, of such regulations by prison officials." Spruill v. Gillis, 372 F.3d 218, 222 (3d Cir. 2004). Proper exhaustion requires the prisoner to complete the administrative review process in accordance with the applicable procedural rules. Jones v. Bock, 549 U.S. 199, 218 (2007). Exhaustion must occur prior to filing suit, not while the suit is pending. See Medina-Claudio v. Rodriguez-Mateo, 292 F.3d 31, 36 (1st Cir. 2002) (holding that belated exhaustion will not save a complaint from dismissal); Neal v. Goord, 267 F.3d 116, 121-22 (2d Cir. 2001) (affirming

dismissal of inmate's complaint because he failed to exhaust his administrative remedies on each of his claims, although some were exhausted during pendency of his litigation); Perez v. Wisconsin Dep't of Corr., 182 F.3d 532, 538 (7th Cir. 1999) (remanding for dismissal and reversing the district court's refusal to dismiss when, at the time the district court was ruling on the motion to dismiss, the inmate had fully exhausted his administrative remedies but had not done so at the time of filing); Oriakhi v. United States, 165 Fed. Appx. 991, 993 (3d Cir. 2006) (nonprecedential) (noting "unanimous circuit court consensus" that prisoner cannot fulfill the exhaustion requirement after filing the complaint).

The Prison Litigation Reform Act speaks in unambiguous terms that "[n]o action shall be brought" absent exhaustion of available administrative remedies. 42 U.S.C. § 1997e(a). The law provides that aside from one qualifier—that administrative remedies must indeed be "available"—the text of the statute suggests no limits on a prisoner's obligation to exhaust. Booth v. Churner, 532 U.S. 731 (2001). "[A] court may not excuse a failure to exhaust, even to take 'special circumstances' into account." Ross v. Blake, -- U.S. --, 136 S. Ct. 1850, 1853 (2016).

After careful review, it is undisputed that petitioner filed this action prior to exhausting all available administrative remedies. (Doc. 1; Doc. 53; Doc. 61). Defendants have cited to a testimonial declaration and documentary evidence

establishing that plaintiff first sought review by the BOP on March 12, 2015, over two weeks after he originally filed his complaint. (Doc. 55). Documentary evidence also establishes that plaintiff's administrative remedies were not exhausted until July 7, 2015, when the BOP's General Counsel responded to plaintiff's appeal—months after the complaint was filed in this action. (Doc. 55, Ex. 1)

We agree with Magistrate Judge Saporito that the petitioner failed to exhaust, or even initiate, any administrative remedies prior to filing suit, as required by § 1997e(a). It is neither in our discretion to excuse such failure, nor has plaintiff asked us to.

**Conclusion**

For the foregoing reasons, we will overrule plaintiff's objection and adopt Magistrate Judge Saporito's R&R. An appropriate order follows.

**Date: September 14, 2017**  s/ James M. Munley
**JUDGE JAMES M. MUNLEY**
**United States District Court**